UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STACY R. HAMMOND,<br><br>                      Plaintiff,<br><br>   v.<br><br>DONALD J. TRUMP,<br><br>                      Defendant. | NO. 1:21-CV-3005-TOR<br><br>ORDER DISMISSING COMPLAINT |

BEFORE THE COURT is Plaintiff's Complaint. ECF No. 1. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, all claims asserted in Plaintiff's Complaint (ECF No. 1) against Donald J. Trump are **DISMISSED with prejudice**.

## BACKGROUND

Plaintiff Stacy R. Hammond, proceeding *pro se* and *in forma pauperis*, filed this suit on January 8, 2021, against Donald J. Trump, now the former President of the United States. ECF No. 1. Plaintiff complains that since 2015 to the present,

ORDER DISMISSING COMPLAINT ~ 1

1  she has suffered grave emotional distress, damaged reputation, sexually violated,

2  maliciously prosecuted, stalked, stripped of her Constitutional right, surveilled, and

3  "Ad Infinitum". *Id*. at 7. Plaintiff does not contend that President Trump is

4  responsible, but rather asks then President Trump "to intervene in the criminal,

5  fraudulent, terrorizing actions perpetrated on [her], as a conservative woman and

6  patriot, and on [her] children by the liberal, socialist deep state in Ellensburg,

7  Kittitas County, Washington." *Id*. She seeks no money damages. *Id*.

8  **DISCUSSION**

9  Under the Prison Litigation Reform Act of 1995, the Court is required to

10 screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28

11 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001)

12 (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to

13 prisoners"). Section 1915(e)(2) provides:

14  Notwithstanding any filing fee, or any portion thereof, that may have
    been paid, the court shall dismiss the case at any time if the court
15  determines that (A) the allegation of poverty is untrue; or (B) the
    action or appeal (i) is frivolous or malicious; (ii) fails to state a claim
16  on which relief may be granted; or (iii) seeks monetary relief against a
    defendant who is immune from such relief.
17

18 28 U.S.C. § 1915(e)(2).

19  "The standard for determining whether a plaintiff has failed to state a claim

20 upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the

ORDER DISMISSING COMPLAINT ~ 2

1  Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."

2  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Accordingly, "[d]ismissal

3  is proper only if it is clear that the plaintiff cannot prove any set of facts in support

4  of the claim that would entitle [her] to relief."  *Id*.  "In making this determination,

5  the Court takes as true all allegations of material fact stated in the complaint and

6  construes them in the light most favorable to the plaintiff."  *Id*.  Mere legal

7  conclusions, however, "are not entitled to the assumption of truth."  *Ashcroft v.*

8  *Iqbal*, 556 U.S. 662, 679 (2009).  The complaint must contain more than "a

9  formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v.*

10 *Twombly*, 550 U.S. 544, 555 (2007).  It must plead "enough facts to state a claim to

11 relief that is plausible on its face."  *Id.* at 570.  The Court construes a *pro se*

12 plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt.

13 *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation

14 omitted).

15      The Court finds that Plaintiff has failed to state facts which "plausibly give

16 rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679.

17                          **OPPORTUNITY TO AMEND**

18      Unless it is absolutely clear that amendment would be futile, a *pro se* litigant

19 must be given the opportunity to amend his complaint to correct any deficiencies.

20 *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28

U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court finds that it is absolutely clear that no amendment will cure the deficiencies in Plaintiff's Complaint. Therefore, the Court dismisses Plaintiff's Complaint with prejudice.

## REVOCATION OF IN FORMA PAUPERIS STATUS

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice**.
2. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

The District Court Executive is directed to enter this Order and Judgment accordingly, forward copies to Plaintiff, and **CLOSE** the file.

**DATED** January 28, 2021.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING COMPLAINT ~ 5